UNITED STATES of America, Plaintiff,

v.

Ervin D. HUSTED, Maribeth Husted, Defendants.

No. 82–50065–1–2.

United States District Court,
E.D. Michigan, S.D.

March 8, 1983.

James Genco, Detroit, Mich., for plaintiff.

Ervin D. Husted and Maribeth Husted in pro. per.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Defendants are charged in an Indictment with offenses commonly known as "Failure to file Individual Income Tax Returns" and "Filing a False Withholding Exemption Certificate."

Defendants have filed a motion styled "Motion for Assistance" wherein they ask the Court for an "order to allow the defendants to have one, Mark M. Piché, who is not an attorney, to assist the defendants in the conduct of the defense." Defendants state that at their trial they "want Mr. Piché present at the defendants' table to assist them." Defendants expressly state they are "not requesting that Mr. Piché represent them ..."

Defendants state that they "do not have any courtroom skill" and therefore need this aid so that the trial will not be "a farce and mockery of justice." Defendants, in their motion, state that Mr. Piché has considerably more "courtroom knowledge and skill than the defendants, and would be of great assistance to the defendants ..."

Defendants have attached to this motion an affidavit of Mr. Piché who indicates therein that he has assisted attorneys of record in several cases. He further states that

"I am familiar with the Federal Rules of Evidence, and that I have also read the Local Rules for the United States District Court for the Eastern District of Michigan."

██ Mr. Piché's affidavit has attached to it what purports to be excerpts of transcripts of other proceedings. These transcripts have not been certified by any reporter and hence are defective. In addition, attached as a part of Mr. Piché's affidavit is a photocopy of the purported affidavit of William A. Cohan in a proceeding in a State Court of New York entitled *State of New York v. Mark M. Piché.* That document, of course, cannot be considered an affidavit in these proceedings. That "affidavit" of William A. Cohan indicates that he is an attorney and that he was involved in a trial in Binghamton, New York, in May, 1982 in which trial Mr. Piché was assisting Mr. Cohan and other attorneys "in the capacity of a paralegal."

██ The defects in the supporting documentation are sufficient to justify the denial of the motion. But even if the documentation were not defective, the motion must be denied. It is absolutely clear from the defendants' submission that the role defendants seek Mr. Piché to play is that of an attorney to advise defendants as to rules of evidence and trial procedures. Defendants cannot be permitted to disguise Mr. Piché's role by simply hanging the label of a "paralegal" upon him.

██ While defendants' motion submission indicates that they will look upon a

denial of the motion as a denial of their right to counsel, it is clear that the Court in no way has deprived defendants of counsel. Defendants have clearly and unmistakenly on the record in this case stated repeatedly that they are not indigent and are financially able to hire their own attorney. They have refused to do so and explain that refusal by stating that it is based upon their insistence that the counsel they engage believe as they believe, a condition imposed by defendants and defendants alone. Setting aside any discussion of the wisdom of such a condition of employment, the lack of counsel is of their own doing. In addition, they may not be represented or aided by one who is not licensed to practice law and, of course, not admitted to practice in the District Court for the Eastern District of Michigan. Rule 12(a) of the Local Rules for the Eastern District of Michigan provides as follows:

Rule (12) provides:

"Any person who is duly admitted to practice in a court of record of any of the States, of the District of Columbia, or of any United States District Court is eligible for admission to the Bar of this Court."

Rule 12(f) provides:

"Any person who, while not duly admitted to the Bar of this Court, or during his disbarment or suspension, exercises any of the privileges of a member of this Bar, or who pretends to be entitled so to do, may be found guilty of criminal contempt of Court and subject to appropriate punishment therefor."

Granting the motion of the Defendants would be a violation of Rule 12.

In addition, Mr. Piché, not being an attorney would not be subject to the Rules of Disciplinary Enforcement applicable to attorneys admitted to practice before the Bar of this Court. (Rule 13, Local Rules.)

Defendants cite in their brief *United States v. Olson,* 576 F.2d 1267 (CA 8, 1978) and say that the case addresses the point that while the Sixth Amendment's right to counsel refers to counsel licensed to practice law,

"it does not preclude the defendants from having one who is not licensed to assist them while they conduct their own defense." (underlining in the original.)

Defendants quote from the above-mentioned case as follows:

"I cannot permit Mr. Anderson, who is not an attorney admitted to practice in this court to represent you or to speak for you. *He can speak to you, he can speak with you, but cannot speak for you. That simply means if you want to talk with him, that is your right, and I will not interfere with that.* As far as any speaking that is done, you must do that."

Defendants are hereby advised as they have been on several past occasions that they are under the same obligations of candor and honesty in making representations to the Court as any attorney.

The quotations above from defendants' memorandum in support of Motion for Assistance was a quotation from the trial court as contained in the opinion of the Court of Appeals for the Eighth Circuit. It does not stand for the proposition for which it was cited. The *Olson* case dealt with the claim on appeal that the district court erred in failing to appoint advisory counsel to assist the defendant in his pro se defense. The Eighth Circuit said this:

"Prior to arraignment Olson had requested that one Lowell Anderson, who is not an attorney, be allowed to represent him. At arraignment the request was denied, but the court advised Olson as follows:

'What I shall do, Mr. Olson, is simply acknowledge your right to defend yourself. I do offer to appoint counsel for you. I cannot permit Mr. Anderson, who is not an attorney admitted to practice in this court, to represent you or to speak for you. He can speak to you, he can speak with you, but he cannot speak for you. That simply means if you want to talk with him, that is your right, and I will not interfere with that. As far as any speaking that is done, you must do that. Now, I repeat, if you want counsel appointed for you, and if you can't afford to hire

your own counsel, I am not only willing but eager that that be done. So I want you to understand that, not only now, but at any time.'

"There is no contention that the court erred in denying the request to be represented by Anderson. In any event this court has repeatedly (p. 1269) held that a defendant has no constitutional right to be represented by lay or unlicensed counsel. (citations omitted.) In addition, Olson frankly admits that he refused the trial court's offer to appoint a licensed attorney to represent him.

"Olson nevertheless contends the court erred in not appointing advisory counsel. We of course continue to approve the use of advisory counsel in cases where the defense is conducted pro se. (citations omitted.) But we have never held, and we decline to do so now, that the trial court must appoint advisory counsel even after fairly ascertaining that the defendant will not accept licensed counsel. Indeed, we have rejected the view that a defendant has a right both to represent himself and to be represented by counsel—even if a request for such hybrid representation is made..." (p. 1270)

So far as this case pertains to these defendants' present motion, it represents precisely the opposite view from that which defendants represented in their brief. In addition, defendants' brief does not show that it was a quote from the district judge but leaves the impression that it was a statement of a circuit judge.

Aside from not supporting defendants' position, it gives greater emphasis to my advice that defendants should hire counsel. This Court has never been asked to appoint counsel on the basis of defendants' inability to engage counsel due to their financial condition. They were and have been advised of their rights in this regard repeatedly and have indicated, as earlier stated, that they are not indigent and would hire only an attorney who agrees with their views. Nothing that the Court has said about this view—always on the record—has been effective in dissuading defendants' from this course.

This leads to the last area to be discussed. In defendants' motion for assistance, they ask the Court to appoint "as an extra precaution . . . 'standby counsel' with whom the defendants could confer with (sic) . . ." The quotation proceeds, but that which follows is substantially unintelligible. The answer to this request is simple—if defendants are unable to employ counsel, standby or otherwise, because of their financial inability to engage such counsel, they should immediately apply to the Court for such appointment, and if the defendants establish their right to appointed counsel due to financial indigency, the Court would appoint. Defendants have been repeatedly so advised. The Court has accepted defendants' statements that they are not indigent and thus they are ineligible for appointed counsel. If they want "standby" counsel, they need only hire such counsel. They should not apply to the Court unless they claim financial indigency.

Both motions are thus denied.

IT IS SO ORDERED.